**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-7049**

CLARENCE W. ALSTON,

        Plaintiff - Appellant,

    v.

OFFICER J. SMITH, Correctional Officer,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:21-cv-01112-CMH-WEF)

Submitted:  April 21, 2025                    Decided:  June 13, 2025

Before GREGORY, RICHARDSON, and BENJAMIN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Clarence Wendell Alston, Appellant Pro Se.  Gregory S. Bean, GORDON REES SCULLY MANSUKHANI, LLP, Williamsburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence W. Alston seeks to appeal the district court's order granting summary judgment in favor of Correctional Officer John Smith and dismissing Alston's 42 U.S.C. § 1983 complaint. This case returns to us after a limited remand for the "purpose of allowing the district court to ascertain from prison mail logs the date on which Alston gave his notice of appeal to prison officials for mailing." *Alston v. Smith*, No. 23-7049, 2024 WL 4056604, at *1 (4th Cir. Sept. 5, 2024). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). When the appellant is incarcerated, however, "the notice is timely if it is deposited in the institution's mail system on or before the last day for filing and" accompanied by either (1) a declaration under penalty of perjury or a notarized statement "setting out the date of deposit and stating that first-class postage is being prepaid," or (2) a postmark, date stamp, or other evidence establishing timely deposit. Fed. R. App. P. 4(c)(1)(A); *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).

The district court entered its order on August 31, 2023. The appeal period expired on October 2, 2023.* On remand, the district court reviewed the prison mail logs submitted by the warden of Alston's institution and determined that the earliest possible date on which Alston might have given his notice of appeal to prison officials for mailing to the district court was October 5, 2023. Because Alston failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* The 30th day fell on Saturday, September 30, 2023, so Alston had until Monday, October 2 to timely file his notice of appeal. *See* Fed. R. App. P. 26(a)(1).